Christopher A. Seeger
Jennifer R. Scullion
Christopher L. Ayers
**SEEGER WEISS LLP**
55 Challenger Road 6th Fl.
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
cseeger@seegerweiss.com
jscullion@seegerweiss.com
cayers@seegerweiss.com

*Attorneys for Plaintiffs and the putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KATHLEEN LANSER as guardian and next of kin on behalf of A.L., individually and on behalf of all others similarly situated,**<br><br>*Plaintiff*,<br><br>v.<br><br>**BYTEDANCE, INC.; BYTEDANCE LTD.; TIKTOK LTD.; TIKTOK INC.; TIKTOK PTE. LTD.; AND TIKTOK U.S. DATA SECURITY, INC.,**<br><br>*Defendants* | Case No.<br><br><br>**<u>JURY TRIAL DEMANDED</u>.** |

## <u>CLASS ACTION COMPLAINT</u>

## **TABLE OF CONTENTS**

STATEMENT OF FACTS ........................................................1

  A. The Children's Online Privacy Protection Act and the COPPA Rule
    Require That TikTok Provide Parental Notice and Gain Parental Consent
    Before Collecting or Using Children's Personal Information. ........................1

  B. TikTok has Repeatedly and Persistently Violated COPPA and Otherwise
    Collected the Personal Information of Minors Without Notice to, Or
    Consent of, Parents. ........................................................4

  C. Despite the Permanent Injunction, TikTok Collects and Uses Children's
    Personal Information Without Parental Notification or Consent. ...................7

  D. TikTok Generates Revenue from Its Unlawful Conduct by Advertising to
    Children.........................................................................10

  E.  Defendants Operate Under a Common Enterprise. .......................12

JURISDICTION & VENUE ................................................14

PARTIES..............................................................................16

CLASS ALLEGATIONS ....................................................18

CAUSES OF ACTION .......................................................23

PRAYER FOR RELIEF .....................................................26

DEMAND FOR JURY TRIAL .........................................27

Plaintiff KATHLEEN LANSER, a guardian and next of kin on behalf of A.L., individually and on behalf of all others similarly situated ("Plaintiff") brings this Class Action Complaint against Defendants Bytedance, Inc.; Butedance, Ltd.; TikTok, Ltd.; TikTok, Inc.; TikTok PTE. Ltd.; and TikTok U.S. Data Security, Inc. ("Defendants") as individuals and on behalf of all others similarly situated, and allege, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

## STATEMENT OF FACTS

1.      Plaintiff brings this class action against Defendants for its failure disclose that it collects and sells personally identifiable information ("PII") of millions of minor children, without the consent of the minors or their parents, including, but not limited to: name, age, profile image, password, email, phone number, address, "approximate" location, social media account information, phone and social media contacts, messages sent to and received from other TikTok users, information in the clipboard of a user's device, and payment card numbers.

2.      Upon information and belief, Defendants collects and sells access to this personal data without the minors' or their parents' notice, knowledge, or consent.

**A. The Children's Online Privacy Protection Act and the COPPA Rule Require That TikTok Provide Parental Notice and Gain Parental Consent Before Collecting or Using Children's Personal Information.**

1

3.      TikTok collects and uses these young children's Personal Information without providing direct notice to their parents or gaining their parents' verifiable consent, in violation of the Children's Online Privacy Protection Act of 1998 ("COPPA") and Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), a federal statute and regulations that protect children's privacy and safety online. It also defies an order that this Court entered in 2019 to resolve a lawsuit in which the United States alleged that TikTok Inc.'s and TikTok Ltd.'s predecessor companies similarly violated COPPA and the COPPA Rule by allowing children to create and access accounts without their parents' knowledge or consent, collecting data from those children, and failing to comply with parents' requests to delete their children's accounts and information.

4.      TikTok continues to violate COPPA. Last month, the Department of Justice filed a new lawsuit against TikTok for violating COPPA and illegally collecting and using young children's Personal Information. *See United States v. Bytedance, Ltd., et. al.* (Case No. 2:24-cv-06535-ODW-RAO) (C.D. Ca.) (J. Wright).

5.      The COPPA Rule sets requirements for any "operator of a Web site or online service directed to children, or any operator that has actual knowledge that it is collecting or maintaining Personal Information from a child [under the age of 13]." Section 312.3 of COPPA Rule, 16 C.F.R. §§ 312.3.

6.     The COPPA Rule requirements apply to TikTok. TikTok is directed to children, and TikTok has actual knowledge that it is collecting Personal Information from children.

7.     The COPPA Rule has two requirements that are pertinent to this case: (1) parental notice and (2) parental consent.

8.     First, pursuant to the COPPA Rule, TikTok must provide direct notice to parents, notifying them of "what information it collects form children, how it uses such information and its disclosure practices for such information." 16 C.F.R. §§ 312.3(a); 312.4.

9.     Second, pursuant to the COPPA Rule, TikTok must "[o]btain verifiable parental consent prior to any collection, use, and/or disclosure of Personal Information from children." 16 C.F.R. §§ 312.3(b); 312.5.

10.     The COPPA Rule defines "Personal Information," as "[I]ndividually identifiable information about an individual collected online, including:

- A first and last name;

- A home or other physical address including street name and name of a city or town;

- Online contact information as defined in this section;

- A screen or user name where it functions in the same manner as online contact information, as defined in this section;

- A telephone number;

- A Social Security number;

- A persistent identifier that can be used to recognize a user over time and across different Web sites or online services. Such persistent identifier includes, but is not limited to, a customer number held in a cookie, an Internet Protocol (IP) address, a processor or device serial number, or unique device identifier;

- A photograph, video, or audio file where such file contains a child's image or voice;

- Geolocation information sufficient to identify street name and name of a city or town; or

- Information concerning the child or the parents of that child that the operator collects online from the child and combines with an identifier described in this definition."

Section 312.2 of COPPA Rule, 16 C.F.R. § 312.2.

11.    Plaintiff uses the same definition of "Personal Information" from Section 312.2 of the COPPA Rule for this Complaint.

12.    33. The COPPA Rule defines "Child" as "an individual under the age of 13." Section 312.2 of COPPA Rule, 16 C.F.R. § 312.2.

**B. TikTok has Repeatedly and Persistently Violated COPPA and Otherwise Collected the Personal Information of Minors Without Notice to, Or Consent of, Parents.**

13.    TikTok's predecessor Musical.ly launched in 2014. Musical.ly was a social media platform where users could create and share short lip-sync videos.

14.    By 2016, New York Times tech reporter John Herrman wrote an article about the prevalence of young children on Musical.ly, explaining that "[w]hat is

striking about the app, though, is how many of its users appear to be even younger than [13]."[1]

15.    Mr. Herrman wrote:

The app does not collect or show the age of its users, but some of its top-ranked users, whose posts routinely collect millions of likes, called hearts, appear from their videos and profile photos to be in grade-school. Until recently, the app had a feature that suggested users to follow based on their location. In New York, that feature revealed a list composed largely not just of teenagers, but of children.[2]

16.    The CEO of a social media advertising agency told the New York Times that with Muscial.ly users, "you're talking about first, second, third grade."[3]

17.    As Musical.ly was gaining popularity among elementary school kids in the United States, Beijing-based ByteDance Ltd. crated TikTok in 2017. 38. On November 9, 2017, ByteDance Ltd. purchased Musical.ly for almost $1 billion. On August 2, 2018, TikTok merged with Muiscal.ly, consolidating the accounts and data into one application.

18.    In February 2019, the United States Department of Justice filed a complaint against TikTok's predecessors, Musical.ly and Musical.ly, Inc., alleging violations of the COPPA Rule and Section 5 of the FTC Act, 15 U.S.C. § 45.

---

[1] Josh Herrman, Who's Too Young for an App? Musical.ly Tests the Limits, New York Times, Sept. 16, 2016,
https://www.nytimes.com/2016/09/17/business/media/a-social-network-frequented-by-children-tests-the-limits-of-online-regulation.html.
[2] *Id*.
[3] *Id*.

19.    The Department of Justice alleged that TikTok's Musical.ly predecessors had collected and used Personal Information from children younger than 13 in violation of COPPA, including by (1) failing to directly notify parents of the information it collects online from children under 13 and how it uses such information and (2) failing to obtain verifiable parental consent before any collection or use of Personal Information from children under 13. *United States v. Musical.ly, et al.*, No. 2:19-cv-01439-ODW-RAO (C.D. Cal. Feb. 27, 2019) (Dkt. No. 1).

20.    In March 2019, the Honorable Otis D. Wright II entered a Stipulated Order for Civil Penalties, Permanent Injunction, and Other Relief against TikTok's predecessors. *Id.* at Dkt. No. 10 (2019 Permanent Injunction).

21.    As part of the 2019 Permanent Injunction, TikTok's predecessors were enjoined from violating the COPPA Rule, including by (1) "failing to make reasonable efforts, taking into account available technology, to ensure that a parent of a child receives direct notice of Defendants' practices with regard to the collection, use, or disclosure of Personal Information from children" and (2) "failing to obtain verifiable parental consent before any collection, use, or disclosure of Personal Information from children." 2019 Permanent Injunction at 8.

22.    In 2019, Muiscal.ly was renamed TikTok Ltd., and Musical.ly Inc. was renamed TikTok Inc. This renaming did not change the companies' obligations under the 2019 Permanent Injunction.

**C. Despite the Permanent Injunction, TikTok Collects and Uses Children's Personal Information Without Parental Notification or Consent.**

23.     Despite the 2019 Permanent Injunction, millions of American minor children, particularly those under the age of 13, continue to join TikTok. And, TikTok continues to collect and use their Personal Information.

24.     When users create a TikTok account, TikTok uses an "age gate" and requires that the user provide their birthday – the day, month, and year.

25.     Since at least March 2019, if a Child enters a birthday that indicates that they are 13 years old or over, then they are provided with a regular TikTok account.

26.     Since at least March 2019, if a Child enters a birthday that indicates that they are younger than 13 years old, then they are provided with a "TikTok For Younger Users" or "Kids Mode" account. TikTok does not notify parents or obtain parental consent for Kids Mode accounts.

27.     Children with Kids Mode accounts can view videos but cannot post videos.

28.     TikTok's "age gate" is insufficient. Other than asking for their birthday, TikTok makes no other attempt during the sign-in process to verify the user's age.

29.     TikTok and its employees have long known that children misrepresent their ages to pass through TikTok's age gate, and that despite other measures purportedly designed to remove children from the platform, children are ubiquitous.

30.    TikTok's internal company data and documents classified 18 million of its 49 million daily users in the United States as being 14 years or younger.[4]

31.    A former TikTok employee said that TikTok employees had pointed out videos from children who appeared to be younger than 13 that were allowed to remain online for weeks.[5]

32.    Defendants use human content moderators to review flagged accounts that potentially belong to children. In January 2020, for example, a TikTok moderator recognized that Defendants maintain accounts of children despite the "fact that we know the user is U13," *i.e.*, under the age of 13, so long as the child's profile does not admit that fact explicitly.

33.    Another employee admitted that TikTok moderators were required to ignore any "external information" indicating that a user under review is a child.

34.    As another example, in a July 2020 chat, one of Defendants' employees circulated the profiles of numerous underage users he had identified "literally through one minute of scanning," noting "[t]his is incredibly concerning and needs to be addressed immediately."

---

[4] Raymond Zhong & Sheera Frenkel, A Third of TikTok's U.S. Users May Be 14 or Under, Raising Safety Questions, New York Times, Aug. 14, 2020, https://www.nytimes.com/2020/08/14/technology/tiktok-underage-users-ftc.html.
[5] *Id.*

35.     TikTok utilizes internal algorithms to predict user's ages based on their online behavior. However, TikTok refuses to use its age-prediction algorithm to identify children under the age of 13 and stop them from using regular TikTok accounts.

36.     Furthermore, until at least May 2022, TikTok allowed consumers to avoid the age gate when creating a TikTok account by allowing consumers to use login credentials from certain third-party online services, including Instagram and Google. Children were permitted to create TikTok accounts without entering their birthday if they used login credentials from Google. However, Google allowed children under the age of 13 to create Google accounts with parental consent to use Google.

37.     Regardless of whether a Child uses a regular TikTok account or a Kids Mode account, TikTok violates the COPPA Rule by collecting and using their Personal Information without parental notice and consent.

38.     TikTok's insufficient age verification policies resulted in millions of Children gaining access to regular TikTok accounts and to the adult content and features of a regular TikTok account.

39.     For Children with regular TikTok accounts, TikTok collects Personal Information about them, including first and last name, age, email address, phone number, persistent identifiers for the device(s) used to access TikTok, social media

account information, and profile image(s), as well as photographs, videos, and audio files containing the user's image and voice and the metadata associated with such media (such as when, where, and by whom the content was created), usage information, device information, location data, image and audio information, metadata, and data from cookies and similar technologies that track users across different websites and platforms.

40.    For Children with Kids Mode accounts, TikTok still collects Personal Information about them, including several types of persistent identifiers, including IP address and unique device identifiers. TikTok also collects app activity data, device information, mobile carrier information, and app information from Children using Kids Mode accounts—which it combines with persistent identifiers and uses to amass profiles on children.

41.    In August 2024, the Department of Justice filed a new complaint alleging that TikTok violated COPPA and the COPPA Rule, including by (1) knowingly creating accounts for children and collecting data from those children without first notifying their parents and obtaining verifiable parental consent; (2) failing to honor parents' requests to delete their children's accounts and information; and (3) failing to delete the accounts and information of users it knows are children.

**D. TikTok Generates Revenue from Its Unlawful Conduct by Advertising to Children.**

42.    TikTok is a short-form video social media platform.

43.    In January 2024, TikTok reported that it had approximately 170 million monthly active users in the United States.

44.    TikTok earns a substantial amount of its revenue from advertising.

45.    TikTok reported that it earned $16 billion in revenue in the United States in 2023.

46.    TikTok uses the Personal Information collected from children (under the age of 13) to target them with advertising.

47.    TikTok targets users with specific advertisements by collecting persistent identifiers about the users and combining the identifiers with other information about the users.

48.    In other words, TikTok targets specific advertisements to children (under the age of 13) by violating COPPA. Thus, a substantial portion of the revenue that TikTok earns from advertisements that are served on children (under the age of 13) is a direct and proximate result of TikTok's violation of COPPA.

49.    TikTok's algorithm is trained on data collected from users via the TikTok platform and from third-party sources. Such data include videos viewed, "liked," or shared, accounts followed, comments, content created, video captions, sounds, and hashtags, as well as device and account settings such as language preference, country setting, and device type.

50.    TikTok combines this collected data with children's persistent identifiers. The collected data is thus Personal Information. Section 312.2 of COPPA Rule, 16 C.F.R. § 312.2.

51.    TikTok also provides targeting options to advertisers that are based on this collected Personal Information.

52.    For example, for behavioral targeting, TikTok targets users based on their interactions with organic and paid content, including the types of videos the user viewed.

53.    For interest targeting, TikTok's algorithm analyzes users' long-term platform activities.

**E. Defendants Operate Under a Common Enterprise.**

54.    Defendants are a series of interconnected companies that operate the TikTok social media platform. Defendant ByteDance Ltd. is the parent and owner of Defendants ByteDance, Inc. and TikTok Ltd. TikTok Ltd. owns Defendants TikTok LLC and TikTok Pte. Ltd. TikTok LLC in turn owns Defendant TikTok Inc., which owns Defendant TikTok U.S. Data Security Inc.

55.    Upon information and belief, a group of ByteDance Ltd. and TikTok Inc. executives, including Zhang Yiming, Liang Rubo, Zhao Penyuan, and Zhu Wenjia, direct and control TikTok's core features and development. Since 2019, ByteDance Ltd. and TikTok Inc. have promoted TikTok in the United States,

spending hundreds of millions of dollars on advertising, employing U.S.-based staff and executives, and developing and distributing TikTok to run on Apple and Android devices.

56.    ByteDance Inc. and TikTok Inc. have responsibilities for developing, providing, and supporting TikTok in the United States.

57.    TikTok Pte. Ltd. serves as the U.S. distributor of TikTok through the Apple App Store and Google Play Store.

58.    TikTok Ltd. identifies itself as the developer of TikTok in the Apple App Store, and TikTok Pte. Ltd. identifies itself as the developer of TikTok in the Google Play Store. The tiktok.com domain is registered to TikTok Ltd.

59.    Beginning in 2023, TikTok Inc. transferred Personal Information of children to TikTok U.S. Data Security Inc., which has maintained that data without notice to those children's parents or parental consent.

60.    Defendants share officers and directors. For example, TikTok Inc.'s chief executive officers between 2020 and the present (Kevin Mayer, V Pappas, and Shou Zi Chew), have simultaneously held senior positions at ByteDance Ltd., and ByteDance Ltd.'s chief executive officers (Zhang Yiming and Liang Rubo) have simultaneously served as directors of TikTok Ltd. TikTok Inc.'s Global Chief Security Officer, Roland Cloutier, also served as cyber risk and data security support for ByteDance Ltd. ByteDance Inc. and TikTok Pte. Ltd.'s officers and directors

have also overlapped with each other, and with officers and directors of TikTok Inc. Defendants intertwine their finances; for example, ByteDance Ltd. provides compensation and benefits to TikTok Inc.'s CEO, and TikTok Inc. employees participate in ByteDance Ltd.'s stock option plan.

61.     Defendants have one centralized bank account for ByteDance Ltd.'s more than a dozen products, including TikTok. Defendants operate on a "shared services" model in which ByteDance Ltd. provides legal, safety, and privacy resources, including personnel. ByteDance's largest shareholder, Zhang Yiming, signed the 2019 consent order with the United States on behalf of Musical.ly, TikTok Ltd.'s predecessor company.

62.     Defendants have operated as a common enterprise while engaging in the unlawful acts and practices alleged below.

## JURISDICTION & VENUE

63.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.§1332(d)(2), because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendants

64.    Defendants are each subject to personal jurisdiction in this district because they have substantial aggregate contacts throughout the United States and the state of New Jersey. Defendants have engaged, and continue to engage, in conduct that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout the United States, and the state of New Jersey, and this District, and it purposely availed itself of the laws of the United States and the State of New Jersey.

65.    Defendants are each subject to personal jurisdiction in this District because they purposely avail themselves of the privilege of conducting activities in the United States and the State of New Jersey and direct business activities toward consumers throughout the United States and the State of New Jersey. Furthermore, Defendants engaged and continue to engage in conduct that has a foreseeable, substantial effect throughout the United States and the State of New Jersey, connected with its unlawful acts.

66.    Venue is proper in this District under 28 U.S.C §1391(b) because Plaintiff and thousands of potential Class Members reside in this District; Defendants transact business in this District; and Defendants intentionally avails itself of the laws within this District.

## PARTIES

67.    **Plaintiff KATHLEEN LANSER** is the mother of A.L., a 14-year-old minor who used TikTok. Plaintiff is a citizen of the state of New Jersey.  At all relevant times, Plaintiff has been a resident of Dumont, New Jersey.

68.    This action is brought on minor child A.L.'s behalf by Plaintiff Kathleen Lanser.

69.    During the Class Period, A.L. created and used a TikTok account (while under the age of 13) and viewed content on the TikTok platform.

70.    A.L. created a TikTok account at approximately 12 years old.

71.    During the Class Period, Defendants collected A.L.'s Personal Information for the purpose of tracking A.L.'s activity and utilizing targeted advertisements.

72.    Defendants never obtained consent from nor notified B.L.'s parent and legal guardian, Kathleen Lanser, at any point prior to or during its collection and use of A.L.'s Personal Information.

73.    Defendants were bound by the 2019 Permanent Injunction that prohibited Defendants from collecting Personal Information from children under the age of 13, and therefore this conduct could not have reasonably been discovered earlier through investigation.

74.     **Defendant TikTok Inc**. is a California corporation with its principal place of business at 5800 Bristol Parkway, Suite 100, Culver City, California 90230. TikTok Inc. transacts or has transacted business in this District and throughout the United States.

75.     **Defendant TikTok U.S. Data Security Inc.** is a Delaware corporation with its principal place of business shared with TikTok Inc. TikTok U.S. Data Security Inc. transacts or has transacted business in this District and throughout the United States.

76.     **Defendant ByteDance Ltd.** is a Cayman Islands company. It has had offices in the United States and in other countries. ByteDance Ltd. transacts or has transacted business in this District and throughout the United States.

77.     **Defendant ByteDance Inc**. is a Delaware corporation with its principal place of business at 250 Bryant Street, Mountain View, California, 94041. ByteDance Inc. transacts or has transacted business in this District and throughout the United States.

78.     **Defendant TikTok Pte. Ltd.** is a Singapore company with its principal place of business at 8 Marina View Level 43 Asia Square Tower 1, Singapore, 018960. TikTok Pte. Ltd. transacts or has transacted business in this District and throughout the United States.

17

79.    **Defendant TikTok Ltd.** is a Cayman Islands company with its principal place of business in Singapore or Beijing, China. TikTok Ltd. Transacts or has transacted business in this District and throughout the United States.

## CLASS ALLEGATIONS

80.    Plaintiff brings this nationwide class action individually, and on behalf of all similarly situated individuals, pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

81.    The Classes that Plaintiff seek to represent are defined as follows:

### Nationwide Class

All United States residents (who were younger than 13 years old when they used TikTok) from whom Defendants collected and/or used Personal Information during the Class Period without notifying their parents and obtaining verifiable parental consent beforehand (the "Class").

### New Jersey Subclass

All New Jersey residents (who were younger than 13 years old when they used TikTok) from whom Defendants collected and/or used Personal Information during the Class Period without notifying their parents and obtaining verifiable parental consent beforehand (the "New Jersey Subclass").

82.    Collectively, the Class and New Jersey Subclass are referred to as the "Classes" or "Class Members."

83.    Excluded from the Classes are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol

for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

84.    Plaintiff reserves the right to amend the definitions of the Classes or add a Class or Subclass if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified.

85.    <u>Numerosity</u>: The members of the Classes are so numerous that joinder of all members is impracticable, if not completely impossible. The members of the Classes are so numerous that joinder of all of them is impracticable. While the exact number of Class Members is unknown to Plaintiff at this time and such number is exclusively in the possession of Defendant, upon information and belief, millions of minor individuals are implicated.

86.    Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting solely individual members of the Classes. The questions of law and fact common to the Classes that predominate over questions which may affect individual Class Members, includes the following:

a. Whether TikTok has or had a practice of collecting Personal Information from children who were younger than 13 years old without notifying their parents and obtaining verifiable parental consent beforehand;

b. Whether TikTok has or had a practice of using Personal Information from children who were younger than 13 years old without notifying their parents and obtaining verifiable parental consent beforehand;

19

    c.  Whether TikTok's practices violate the Children's Online Privacy Protection Act of 1998 ("COPPA") and the Children's Online Privacy Protection Rule ("COPPA Rule");

    d.  Whether TikTok engaged in unlawful business practices;

    e.  Whether TikTok engaged in unfair business practices;

    f.  Whether TikTok has unjustly received and retained monetary benefits from Plaintiff's minor child and Class Members by profiting off the use of their Personal Information; and

    g.  Whether Class Members are entitled to damages and/or restitution, and if so, the method of computing damages and/or restitution.

87.  <u>Typicality</u>: Plaintiff's claims are typical of those of the other members of the Classes because Plaintiff's minor child, like every other Class Member, was exposed to virtually identical conduct and now suffers from the same violations of the law as each other member of the Classes.

88.  <u>Policies Generally Applicable to the Class</u>: This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Classes as a whole. Defendants' policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenges of these policies hinges on Defendants' conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

89.    <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members and the infringement of the rights and the damages suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class action and data breach litigation, and Plaintiff intends to prosecute this action vigorously.

90.    <u>Superiority and Manageability</u>: The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendants. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

91.    The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient

and appropriate procedure to afford relief for the wrongs alleged because Defendants would necessarily gain an unconscionable advantage since Defendants would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Classes and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

92.    The litigation of the claims brought herein is manageable. Defendants' uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

93.    Adequate notice can be given to Class Members directly using information maintained in Defendants' records.

94.    Unless a Class-wide injunction is issued, Defendants may continue to act unlawfully as set forth in this Complaint.

95.    Further, Defendants have acted on grounds that apply generally to the Classes as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class- wide basis.

## CAUSES OF ACTION

### COUNT 1: UNJUST ENRICHMENT
### (*On behalf of Plaintiff and the Classes*)

96.    Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

97.    By obtaining and reselling A.L. and Class Members' PII, Defendants received a monetary benefit. Defendants knew that it could sell the PII for financial gain and has retained that benefit.

98.    Defendants have unjustly received and retained monetary benefits from A.L. and Class Members—minor children—by profiting off the use of their Personal Information under unjust circumstances such that inequity has resulted.

99.    Defendants have knowingly obtained benefits from A.L. and Class Members as alleged herein under circumstances such that it would be inequitable and unjust for TikTok to retain them.

100.    Defendants have been knowingly enriched by revenues and profits it received from unjustly and illegally collecting and using the Personal Information of children under the age of 13 to build profiles and target advertisements to those children.

101.    Defendants have failed to obtain legally valid consent from A.L. and Class Members or their parents and guardians to collect and use these minor children's Personal Information.

102.   Defendants will be unjustly enriched if they are permitted to retain the benefits derived from the illegal collection and usage of A.L. and Class Members' Personal Information.

103.   Plaintiff and Class Members are therefore entitled to relief, including disgorgement of all revenues and profits that TikTok earned as a result of its unlawful and wrongful conduct.

**COUNT 2: INVASION OF PRIVACY**
***(On behalf of Plaintiff and the Classes)***

104.   Plaintiff re-alleges and incorporates by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

105.   As minor children, A.L. and Class Members had a legitimate expectation of privacy in their Personal Information. A.L. and Class Members were entitled to the protection of this information from disclosure to unauthorized third parties.

106.   Defendants intentionally and unreasonably intruded upon the seclusion of minor children, A.L. and Class Members, without the consent of A.L. and Class members, who were minors, or their parents or guardians.

107.   As set forth above, Defendants collected and sold the Personal Information millions of minor children, without the consent of the minors or their parents, including, but not limited to: name, age, profile image, password, email, phone number, address, "approximate" location, social media account information,

phone and social media contacts, messages sent to and received from other TikTok users, information in the clipboard of a user's device, and payment card number

108.   Defendants intruded on private activities and information of minor children.

109.   Defendants' intrusion was highly offensive to a reasonable person.

110.   Defendants owed a duty to Plaintiff and Class Members to keep their Personal Information confidential.

111.   Defendants permitted the public disclosure of A.L. and Class Members' Personal Information to unauthorized third parties.

112.   The Personal Information that was collected and disclosed without the Plaintiff's and Class Members' authorization was highly sensitive, private, and confidential. The public disclosure of the type of Personal Information at issue here would be highly offensive to a reasonable person of ordinary sensibilities.

113.   By permitting the unauthorized collection and disclosure, Defendants acted with reckless disregard for A.L. and Class Members' privacy, and with knowledge that such disclosure would be highly offensive to a reasonable person. Furthermore, the disclosure of the Personal Information at issue was not newsworthy or of any service to the public interest.

114.   Defendants acted with such reckless disregard as to the safety of A.L. and Class Members' Personal Information to rise to the level of intentionally

allowing the intrusion upon the seclusion, private affairs, or concerns of A.L. and Class Members.

115.    Plaintiff and Class Members have been damaged by the invasion of their privacy in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the other members of the Classes alleged herein, respectfully requests that the Court enter judgment as follows:

A.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Classes and counsel for Plaintiff as Class Counsel;

B.    For an order declaring the Defendants' conduct violates the causes of action referenced herein;

C.    For an order finding in favor of Plaintiff and Class Members on all counts asserted herein;

D.    For an order requiring Defendants to pay for lifetime credit monitoring and dark web scanning services for Plaintiff and the Classes;

E.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

F.    For prejudgment interest on all amounts awarded;

G.    For an order of restitution and all other forms of equitable monetary relief requiring the disgorgement of the revenues wrongfully retained as a result of the Defendants' conduct;

H.    For injunctive relief as pleaded or as the Court may deem proper; and

I.    For an order awarding Plaintiff and Class Members their reasonable attorneys' fees and expenses and costs of suit, and any other expense, including expert witness fees; and

J.    Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint and of all issues in this action so triable as of right.

Dated: November 27, 2024

*/s/ Christopher A. Seeger*
SEEGER WEISS LLP
Christopher A. Seeger
Jennifer R. Scullion
Christopher L. Ayers
55 Challenger Road, 6th Floor
Ridgefield Park, New Jersey 07660
Telephone: (973) 639-9100
Facsimile: (973) 639-9393
cseeger@seegerweiss.com
jscullion@seegerweiss.com
cayers@seegerweiss.com

*Attorneys for Plaintiffs and the Proposed Classes*